EXHIBIT "A" To Notice of Removal



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

PRINCE JONES
   Vs.                                C.A. No.     2020 CA 001018 B
DISTRICT OF COLUMBIA et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:  February 11, 2020
Initial Conference: 9:30 am, Friday, May 22, 2020
Location:  Courtroom 302
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

*SEE ATTACHED COMPLAINT*
25 pages



**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Case No. __2020   1018__

DANYA A. DAYSON
DOUGLAS CARLSON
CENTRAL DETENTION FACILITY

**COMPLAINT**
Jurisdiction of this Court is founded on D.C. Code § 11-921.

DISTRICT OF COLUMBIA
JODI LAZARUS
JENNIFER ANDERSON

PRINCE JONES - 32455007
PLAINTIFF

VS

DEFENDANT

846 NE 54th TERRACE
Address (No Post Office Boxes)

441 4th Street N.W. 600-S
Address (No Post Office Boxes)

Coleman Florida 33521
City      State      Zip Code

Washington D.C. 20001
City      State      Zip Code

Telephone Number

Telephone Number

Email Address (optional)

Email Address (optional)

1. Write a short and plain statement of your claim, including any relevant facts, dates, and locations:

Defendants District of Columbia Central Detention Facility, JODI LAZARUS, JENNIFER ANDERSON DANYA A. DAYSON and DOUGLAS CARLSON, Violated Plaintiffs Privacy in Violation of 5 USC 552(a), 18 USC 1030, 18 USC 4 and D.C. Court Rule 5.2 by displaying Plaintiff social security number in its entirety, which has and continues to expose Plaintiff to potentially devastating consequences. Defendants made available Plaintiff Private and personal social security number in there filing of Presentence Investigating Reports and warrants issued by the superior. Defendants filed Plaintiff social security number in its entirety in the Federal Bureau of Prison Record system as well as the Central Detention Facility general Record system, which constitute an unwarranted invasion of personal Privacy by leaking personal information that is not public. Defendants failed to report this crime and intentionally filed documents with the superior court, the federal bureau of prison, and the Central Detention Facility with disregard for the potentially devastating consequence such unwarranted exposure of Plaintiffs social security number has which also violates D.C. superior Court Rule 5.1 (3)-(A) and 5 USC 552(a)

2. What relief are you requesting from the Court? Include any request for money damages.

Plaintiff request 100,000,000.00 one hundred million dollars, US Gold and silver from each defendant individually jointly and in there Official capacity. Plaintiff request an injunction to have his social security number removed and redacted in accordance with D.C. court rule 5.1(A) and 5.2(a)(1)(b). From all files Plaintiff request Attorney fees 20% for the Bill Requested.

3.   State any other information, of which the Court should be aware:

Defendants are in violation of Title 7 Rule 25(e) Rule 5.1 Rule 5.2
Title 5 U.S.C. 552(a) Title 18 U.S.C. 4 Fenaly Failur to report crime,
42 USC, 408. Defendants willful actions exposed Plaintff to Potentially
Devastating Consequences, Plaintff is entitled to Relief From Damages
see Regina A. Randolph V. ING LiFE Insurance and Annuity Company
973 A. 2d. 702; 2009 NO 07-CV-741. also see FBOP Policy
Program Statement 135C.2 6.A - 7 D(i)(2)(5) and 513.31.

✳ SEE ATTACHED COMPLAINT ✳

## SIGNATURE

To the best of my knowledge, everything in this Complaint is true and I am not filing this Complaint to
harass the Defendant(s). Superior Court Civil Rules 11(b).

PRINCE E. JONES
**SIGNATURE**

February 1, 2020
**DATE**

Subscribed and sworn to before me this _____11th_____ day of **February** 20 **20**

K Darby

(Notary Public/Deputy Clerk)

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
# CIVIL DIVISION

PRINCE JONES
  Plaintiff

    V.           CIVIL ACTION NO. **2020 1018**

DISTRICT OF COLUMBIA

CENTRAL DETENTION FACILITY

JODI LAZARUS

JENNIFER ANDERSON

DANYA A. DAYSON

DOUGLAS CARLSON
  DEFENDANTS

# COMPLAINT

DEFENDANTS ARE TO BE SUED
IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITY UNDER THEIR OFFICIAL
RIGHT, UNDER COLOR OF AUTHORITY

1

# PARTIES

PRINCE E. JONES                    Plaintiff
REG. #32455-007
Federal Correctional Complex - USP Coleman-1
P.O. BOX 1033
Coleman, FL 33521

## DEFENDANTS

DISTRICT OF COLUMBIA
CENTRAL DETENTION FACILITY
Office of Attorney General for the District of Columbia
441 4th street N.W. 6th Floor South   600-S
Washington D.C. 20001

JODI LAZARUS                    Defendant
Office of the Attorney General for the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

2

# PARTIES

JENNIFER ANDERSON                    Defendant

Office of the Attorney General For the District of Columbia

441 4th street N.W. 6th Floor South   suite 600-S

Washington D.C. 20001 -

Office of the Attorney General for the United States

U.S. Department of Justice

950 Pennsylvania Avenue, N.W.

Washington D.C. 20530


DANYA A. DAYSON                    Defendant

441 4th street N.W. 6th Floor South   suite 600-S

Washington D.C. 20001 -

Office of the Attorney General For the United States

U.S. Department of Justice

950 Pennsylvania Avenue, N.W.

Washington D.C. 20530


DOUGLAS CARLSON                    Defendant

Office of the Attorney General For the District of Columbia

441 4th Street N.W. 6th Floor South suite 600-S

Washington D.C. 20001

## STATEMENT OF CLAIM

Plaintiff brings forth this civil Action under D.C. Code § 11-921, against Defendants the District of Columbia Central Detention Facility, JODI LAZARUS, JENNIFER ANDERSON, DANY A. DAYSON, and DOUGLAS CARLSON. Defendants JODI LAZARUS, JENNIFER ANDERSON and DANY A. DAYSON are employed by the U.S. Department of Justice acting as Officers of the D.C. Superior Court for the District of Columbia, Defendand DOUGLAS CARLSON is employed by the Metropolitan Police Department for the District of Columbia. Defendant Central Detention Facility is an Agency Instrumentality, Institution for the Mayor of the District of Columbia Washington D.C.. All Defendants acted against Plaintiff under color of Authority, without proper legal education and training. Defendants Acted against Plaintiff with callus disregard for Plaintiffs Privacy and Personal Non-Public information. Defendants acted in Bad Faith, in Breach of their Oath to the U.S. Constitution. Which Violated The Privacy Act Title 5 USCS 552, and Plaintiffs 4th Amendmunt Constitutional Right. Defendants conduct exposed Plaintiff to potentally devastating Consequences from their unwarranted intentional display of Plaintiff personal and private information. Which cause Plaintiff to suffer, Emotional Distress, and Deliberate Indiffrence. In Violation of 18 U.S.C. 1030, 18 U.S.C. 4, 5 U.S.C. 552(a)

District of Columbia Superior Court Rule 5.1 and Rule 5.2. and Plaintiffs 4th Amendment Constitutional Right.

# DEMAND FOR JURY TRIAL

Pursuant to Amendment 7 to the U.S. Constitution by way of which, Plaintiff seeks a declaratory Judgment based on the following issues to be tried. Plaintiff further seeks Prospective, Declatory, Compensatory Punitive, Nominal, Pain and Suffering, Injuntive relief, and Breach of Contract relief, to be awarded to Plaintiff against all Defendants in their individual Capacity as to be held liable, Personally for their Unauthorized conduct, done in execution under the color and custom of Authority in the performance of their duties in violation of established Law

## A. ISSUES TO BE TRIED BY JURY

1. Whether or not defendants filed Plaintiffs Social Security Number in its entirety in the Central Detention Facility's general Management System.

2. Whether or not defendants failed to report a crime under 18 U.S.C.S 4. Where defendants filed Pre-sentence Invistigation Report with D.C. SUPERIOR COURT JUDGE's and Federal Bureau of Prison Record Systems, which displays Plaintiffs Social Security Number in its Entirety.

6

3. Whether or not Defendant Douglas Carlson filed a search warrant which displayed Plaintiffs Social Security Number in its entirety for the purpose of Identifying Plaintiff on Public Documents and public filings.

4. Whether or not defendants filed Documents with the D.C. Superior Court that displayed Plaintiffs Social Security Number in its entirety.

5. Whether or not defendants filing of documents which display Plaintiffs Social Security Number in its entirety into Federal Bureau of Prison Record Systems, D.C Central Detention facility Record Systems, and Superior Court for the District of Columbia Docket. Violated D.C. Court Rule 5.1 (2)-(A), 5.2, Bureau of Prison Record Program Statement 1350.2 - 513.31 6(A) 7(D) (1) (2) (5). 1351.05 Protection of individual Privacy Disclosure to 3 parties 513.34 (A), Title 5 U.S.C. 552(a) and Plaintiffs 4th Amendment Constitutional Right.

6. Whether or not defendants exposed Plaintiff to potentially devastating consequences by leaking Plaintiffs

7

entirey Social Security Number to the public.

7. Whether or not defendant commited computer Fraud by filing plaintiffs entire Social Security Number in Federal Bureau of Prison Record System, D.C. Central Detention Facility Managememt system For the purpose of identification.

8.

# VENUE AND JURISDICTIONAL STATEMENT

Plaintiff invokes the venue and Jurisdiction of this Court under the following authorities;

District of Columbia Code § 11-921.

Dynes V. Hoover 20 How 65 15 L.ed 838 (1858)

LARSON V. DOMESTIC and FORIEGN COMMERCE CORP. 337 U.S. 682 93 L.ed 1628 (1949) declared that, if an action is such as to create a personal liability whether sounding in tort or in contract, the fact that the defendant, as an officer, of the instrumentality of the Government does not forbid a Court from taking Jurisdiction over a suit against him since the principle, that an agent is liable for his own torts applies even to acts of Public Officers or Public Instrumentalities.

9

Whereas in Bauers V. Heisel 361 F. 2d 581 (3d Cir 1965) Moore V. Buck 433 F. 2d 25 (3d cir 1971) Cambist Films Inc. V. Dugan 475 F. 2d 887 (3d Cir 1973) declared that, The immunity of a prosecutor, however, is not without limtation, it is not absolute. THE IMMUNITY OF JUDGES, FROM WHICH THE IMMUNITY OF THE PROSECUTORS IS DERIVATIVE, DOES NOT EXTEND TO ACTS WHICH ARE CLEARLY OUTSIDE THEIR JURISDICTION.

28 U.S.C.S. 1391
Venue, Generally

CIVIL RIGHTS Act of 1871 (42 U.S.C.S. 1983

Every person who under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, priviliges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

10

42 U.S.C.S. 1988

Proceedings in Vindication of Civil Rights

(a). The District Courts shall have original jurisdiction of any civil action authorized by Law to be commenced by any person.

(1.) To recover damages for injury to his person or property, or because of the deprivation of any right or privilledge of a citizen of the United States, by any act done in Furtherance of any conspiracy mentioned in section 1985 of title 42.

(3.) To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilledge or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

28 U.S.C.S. 1331

Federal Question Amount in Controversy; Cost

(a) The District Court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $ 10,000 exclusive

11

of interest and cost, and arises under the
Constitution, laws or treaties of the United States,
except that no such sum or value shall be
required in any such action brought against the
United States, any agency thereof in his official
capacity.

### 28 U.S.C.S. 1332
Diversity of Citizenship; amount in Controversy; Costs

(a) The District Courts shall have original jurisdiction of
all civil actions where the matter in controversy
exceeds the sum or value of $75,000 exclusive
of interest and cost and is between (1)(2)(3)

(4.) A Foreign State, defined in section 1603(a) of
this title (28 U.S.C.S. 1603(a)) as plaintiff
and citizens of a state or of different state.

### AMENDMENT 7
Right to Jury trial

### 28 U.S.C.S. 2201

(a) In case of actual controversy within its jurisdiction

12

... any court of the United States, upon the Filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a Final judgment or decree and shall be reviewable as such.

## F. R. CIV. P. 8(e)(2)

A party may ... state as many separte claims or defenses as the party has regardless of consistency and whether based on legal equitable, or maritime grounds.

## F. R. CIV. P. 57

... The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The Court may order a speedy hearing of a declatory judgment - action.

13

## 28 U.S.C.S. 2202

Further necessary or proper relief based on a declaratory judgment or decree may be granted after reasonable notice and hearing against any adverse party whose rights have been determined by such Judgment.

## REASON PLAINTIFF'S RELIEF SHOULD BE GRANTED

Plaintiff is entitled to relief and judgment against the Defendants, Due to the Clear violation of Plaintiffs U.S. Constitutional Right, and D.C. Superior Court Rules and United States Law. Defendants willfully violated Federal Bureau of Prison Program Statements 1350.2, 513.31 6(A) 7(D)(1)(2)(5), 513.34(A), and 1351.5 - Protection of Individual Privacy Disclosers. Defendants violated Superior Court Rules 5.1-(3)(A), and 5.2(a)(1),(4)(6) Privacy Requirements and Privacy Protection For Filings made with the Court. Defendants Violated the Privacy Act Title 5 U.S.C.S 552 18 U.S.C.S. 4 Misprision of Felony For failing to report the Crime of Filing Plaintiffs Social Security number in public Records and Prison, Jail Record Systems in its entirety. 18 U.S.C.S 1030 For Filing Plaintiff Social Security Number in Computer Systems in its entirety. 18 U.S.C.S. 371 Because all Defendants aided each other in the unwarranted exposure of Plaintiff private personal information.

14

# STATEMENT OF FACTS

On or about January 2015   Defendants JODI LAZARUS and JENNIFER ANDERSON constructed reviewed and Filed Pre-sentence Investigation Reports that displayed Plaintiffs entire personal Social Security Number. Defendants Failed to report this crime in violation of 18 U.S.C.S. 1030, 18 U.S.C. 4, 5 U.S.C. 552(a)

On June 26, 2018 Defendants DANYA A. DAYSON and JODI LAZARUS Refiled and reviewed Pre-sentence Investigation Report that displayed Plaintiffs entire personal Social Security Number Defendants Failed to report this crime in violation of 18 U.S.C.S. 1030, 18 U.S.C.S. 4 5 U.S.C.S. 552(a)

On or about March 2018 Defendant DOUGLAS CARLSON Drafted and Filed with the D.C. Superior, A search warrant which displayed Plaintiffs Social Security Number in its entirety, as a method of identification which exposed Plaintiff to unwarranted invasion of personal information that is not public. Plaintiff never provided his social Security Number to any of the Defendants and has no knowledge of how Defendants obtained it. Defendant violated Plaintiffs 4th Amendment Constitutional Right, and Title 5 U.S.C.S. 552(a)

15

# LEGAL CLAIMS

Plaintiff realleges and incorporates by reference all paragraphs.

The Defendants violated Plaintiffs Fourth Amendment Right to protection of privacy, which violated Titles 5 U.S.C.S 552, 18 U.S.C.S. 4, 18 U.S.C.S 1030 and 18 U.S.C.S. 371, along with D.C Superior Court Rule 5.1(3)-A, 5.2, Federal Bureau of Prison Program Statement 1350.2, 513.31 6(A), 7(b)(1)(2),(5) 513.34(A) and 1351.05 Protection of Individual Privacy Disclosure. Defendants cause Plaintiff to suffer and sustain potentially devastating Consequences, which extended from Defendants unauthorized conduct. Plaintiff will continue to suffer potentially devastating Consequences from Defendants actions unless this Court grant Plaintiff The Actual Prospective, Compensatory Punitive, Nominal, Pain and Suffering, Incidental damages Reliance Expectional Damages, Breach of Contract Declator and Injuntive Relief, which Plaintiff seeks

16

# PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court enter
Judgment of relief against All Defendants granting
Plaintiff;

1. A Declaration that the acts and omission described
herein violated Plaintiffs Fourth Amendment constitutional
Right, and U.S. Code Sections 18 U.S.C. 4, 18 U.S.C. 371
18 U.S.C. 1030, Title 5 U.S.C.S. 552 along with
Superior Court Rule 5.1(3)-(A) 5.2, Federal
Bureau of Prison Record Program Statements 1350.2
513.31 6(A) 7(a) (1)(2)(3), 1351.05, 513.34(A)

2. That the Court enter Judgment against Defendant
District of Columbia Central Detention Facility
individually jointly with the District of Columbia in the
amount of;

Fifty Million Dollars $ 50,000,000.00
For Breach of Contract and Violation of the Fourth Amendment
and Title 5 U.S.C.S. 552
Twenty Million Dollars $ 20,000,000.00
For Punitive Damages
Ten Million Dollars $ 10,000,000
For Compensatory Damages

Five Million Dollars $ 5,000,000.00
For Nominal Damages
Four Million Dollars $ 4,000,000.00
For Pecuniary Damages
Three Million Dollars $ 3,000,000.00
For Pain and Suffering, Violation of the Fourth Amendment
Two Million Dollars $ 2,000,000.00
For Incidental Damages
One Million Dollars $ 1,000,000.00
For Actual Damages, Violation of Title 5 U.S.C.S. 552
Five Million Dollars $ 5,000,000.00
For Reliance Expectional Damages

3. That the Court enter Judgment against Defendant
JODI LAZARUS Individually jointly with her agency of
employment in the amount of;

Fifty Million Dollars $ 50,000,000.00
For Breach of Contract, Violation of the Fourth Amendment
and Title 5 U.S.C.S. 552, 18 U.S.C.S. 371
Twenty Million Dollars $ 20,000,000.00
For Punitive Damages
Ten Million Dollars $ 10,000,000.00
For Compensatory Damages

Five Million Dollars $ 5,000,000.00

For Nominal Damages

Four Million Dollars $ 4,000,000.00

For Pecuniary Damages

Three Million Dollars $ 3,000,000.00

For Pain and Suffering, Violation of the Fourth Amendment

Two Million Dollars $ 2,000,000.00

For Incidental Damages

One Million Dollars $ 1,000,000.00

For Actual Damages, Violation of Title 5 U.S.C.S. 552

Five Million Dollars $ 5,000,000.00

For Reliance Expectional Damages

4.   That the Court enter Judgment against Defendant
JENNIFER ANDERSON Individually jointly with her agency of
employment in the amount of;

Fifty Million Dollars $ 50,000,000.00

For Breach of Contract, violation of the Fourth Amendment and
Title 5 U.S.C.S. 552, 18 U.S.C.S. 4, 18 U.S.C.S. 1030, 18 U.S.C.S. 371

Twenty Million Dollars $ 20,000,000.00

For Punitive Damages

Ten Million Dollars $ 10,000,000.00

For Compensatory Damages

Five Million Dollars $ 5,000,000.00
For Nominal Damages
Four Million Dollars $ 4,000,000.00
For Pecuniary Damages
Three Million Dollars $ 3,000,000.00
For Pain and Suffering, Violation of the Fourth Amendment
Two Million Dollars $ 2,000,000.00
For Incidental Damages
One Million Dollars $ 1,000,000.00
For Actual Damages, Violation of Title 5 U.S.C.S. 552
Five Million Dollars $ 5,000,000.00
For Reliance Expectional Damages.

5. That the Court enter Judgment against Defendant
DANYA. A. DAYSON Individually jointly with her
agency of employment in the amount of;

Fifty Million Dollars $ 50,000,000.00
For Breach of Contract, Violation of the Fourth Amendment
and Title's 5 U.S.C.S. 552, 18 U.S.C.S. 4, 18 U.S.C.S. 1030
18 U.S.C. 371
Twenty Million Dollars $ 20,000,000.00
For Punitive Damages
Ten Million Dollars $ 10,000,000.00
For Compensatory Damages

20

Five Million Dollars $ 5,000,000.00
For Nominal Damages
Four Million Dollars $ 4,000,000.00
For Pecuniary Damages
Three Million Dollars $3,000,000.00
For Pain and Suffering, Violation of the Fourth Amendment
Two Million Dollars $ 2,000,000.00
For Incidental Damages
One Million Dollars $ 1,000,000.00
For Actual Damages, Violation of Title 5 U.S.C.S. 552
Five Million Dollars $ 5,000,000.00
For Reliance Expectional Damages

6. That the Court enter Judgment against Defendant
Douglas Carlson, Individually, jointly with his
agency of employment in the amount of;

Fifty Million Dollars $ 50,000,000.00
For Breach of Contract, Violation of the Fourth Amendment
and Title 5 U.S.C.S. 552, 18 U.S.C.S. 371
Twenty Million Dollars $ 20,000,000.00
For Punitive Damages
Ten Million Dollars $ 10,000,000.00
For Compensatory Damages

Five Million Dollars $5,000,000.00
For Nominal Damages
Four Million Dollars $4,000,000.00
For Pecuniary Damages
Three Million Dollars $3,000,000.00
For Pain and Soffering, Violation of the Fourth Amendment
Two Million Dollars $2,000,000.00
For Incidental Damages
One Million Dollars $1,000,000.00
For Actual Damages, Violation of Title 5 U.S.C.S. 552
Five Million Dollars $5,000,000.00
For Reliance Expectional Damages

7. That the Court grant plaintiff injuntive Relief
by having his Social Security Number Removed
From all Record Systes of the D.C. Central Detention
Center, Federal Bureau of Prison Record System
and all Court Filings Pre-sentence Invistigation Report
Search Warrants and any other Documents generated
by the Defendants and filed with the Superior Court.

8. A Jury trial on all issues triable by Jury.

9. Plaintiffs cost in attorney Fee's of 25% percent
in this suit.

10. Any additional relief this Court deems Just proper, and equitable.

PRINCE JONES

## VERIFICATION

I have read the following Complaint and hereby verify that the matters alleged herein are True and Correct. I certify under penalty of perjury that the Foregoing is true and correct under 28. U.S.C.S. 1746.

## PROOF OF SERVICE

I certify that I executed this complaint at the D.C. Superior Court for the District of Columbia At 500 Indiana Ave N.W. 20001 Room 5000 on February 1, 2020

BY PRINCE JONES
Reg: 32455-007
USP Coleman-1
P.O. BOX 1033
Coleman, FL 33521

23



US POSTAGE PAID
PM 2-DAY
COLEMAN, FL
33521
APR 08 20
AMOUNT
**$0.00**
R2304Y122663-09

X-RAYED
APR 18 2020
DOJ MAILROOM

1006
20530

PRESS FIRMLY TO SEAL

**PRIORITY®**

**CERTIFIED MAIL**

INSURANCE INCLUDED *

7019 2280 0001 6920 6868

PICKUP AVAILABLE
RETURN RECEIPT
REQUESTED
* Domestic only

FROM: PRINCE JONES #32455-007
Federal Correctional Complex
USP Coleman-1.
P.O. Box 1033
Coleman, FL 33521

X-RAYED
APR 18 2020
DOJ MAILROOM

TO: USP...

THE UNITED STATES ATTORNEY GENERAL
William J. Barr
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave N.E.
Washington D.C. 20530